FILED by ____ D.C.
Apr 26, 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**18-20336-CR-ALTONAGA/GOODMAN**

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

DELANEY EQUITY GROUP LLC,

      Defendant.

_____/

## INFORMATION

The Attorney for the United States charges that:

1. Defendant **DELANEY EQUITY GROUP LLC**, was a Florida limited liability company based in Palm Beach Gardens, Florida, and was registered with the U.S. Securities and Exchange Commission as a securities broker-dealer.

2. Individual A was the Member Manager, President and Chief Executive Officer of **DELANEY EQUITY GROUP LLC**, and was a registered securities representative.

3. Ian C. Kass was at relevant times employed by **DELANEY EQUITY GROUP LLC** as a registered securities representative.

**CONSPIRACY TO UNLAWFULLY SELL UNREGISTERED SECURITIES**
**(18 U.S.C. § 371)**

From in or around October 2009, through in or around June 2013, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**DELANEY EQUITY GROUP LLC,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Ian C. Kass, Individual A, Steven Sanders, Daniel McKelvey, Alvin S. Mirman, and others known and unknown to the Attorney for the United States, to commit certain offenses against the United States, that is: (a) to knowingly, willfully, and unlawfully, directly and indirectly, use any means and instruments of transportation and communication in interstate commerce and the mails, to sell securities, through the use and medium of any prospectus and otherwise; and (b) to knowingly, willfully, and unlawfully carry and cause to be carried through the mails and in interstate commerce, by any means and instruments of transportation, securities, for the purpose of sale and for delivery after sale, in violation of Title 15, United States Code, Sections 77e(a)(1), 77e(a)(2), and 77x, and Title 17, Code of Federal Regulations, Section 230.144.

## PURPOSE OF THE CONSPIRACY

4. It was a purpose of the conspiracy for the conspirators to unlawfully enrich themselves by selling restricted shares of public companies using false and fraudulent statements in documents, to falsely indicate that the named shareholders were not affiliates of the companies. These false and fraudulent statements would allow the shares to be falsely classified as unrestricted or free-trading and sold to the public at a profit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and its conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

5. Steven Sanders, Daniel McKelvey, and Alvin S. Mirman would recruit individuals to serve as straw CEOs for certain issuers. The straw CEOs would have no further role with the company and would be paid when the company was later sold. Sanders, McKelvey, and Mirman

2

would also recruit straw shareholders for the issuers and would assign a certain number of shares to each straw shareholder. In reality, the straw shareholders were promised a fixed amount of money once the company was ready to be sold, and the shares were in fact controlled by Sanders, McKelvey, and Mirman.

6. Steven Sanders, Daniel McKelvey, and Alvin S. Mirman would then submit false and fraudulent registration statements and other paperwork to the SEC. These registration statements contained false business plans, falsely described the role of the straw CEO, and concealed the existence of Sanders, McKelvey and Mirman. These false and fraudulent documents would be used to obtain effective registration of the shares of the companies.

7. **DELANEY EQUITY GROUP LLC**, Individual A, and Ian C. Kass would prepare Forms 211 on behalf of the issuers and submit them to the Financial Industry Regulatory Authority ("FINRA") so that shares of the issuers could be quoted and traded over-the-counter. These forms falsely and fraudulently represented that the companies were executing their business plans and were operating under the direction of the straw CEO. In reality, Individual A and Ian C. Kass took all of their direction from Steven Sanders, Daniel McKelvey, and Alvin S. Mirman, and came to learn that the named officers were mere nominees. Individual A and Kass also learned that the issuers were shell companies controlled by Sanders, McKelvey, and Mirman, and that FINRA authorization for electronic trading was being sought so that these principals could sell the purported free-trading shares of the issuers to shell buyers.

8. In follow-up correspondence submitted by **DELANEY EQUITY GROUP LLC** to FINRA, that was transmitted via interstate wire communnication and the mails, Individual A and Ian C. Kass would provide additional false information to perpetuate the fiction that the named officers controlled the companies, and provide false explanations as to the business plans of the

3

companies. This correspondence also gave the false appearance that the communications were being transmitted with the authorization of the named officers.

9. Steven Sanders, Daniel McKelvey, and Alvin S. Mirman would open brokerage accounts at **DELANEY EQUITY GROUP LLC**, and deposit shares into these accounts by executing securities deposit forms that falsely and fraudulently represented that Sanders, McKelvey, and Mirman were not affiliates of the entities. Individual A and Ian C. Kass would approve and endorse these false and fraudulent deposit forms, representing that the information was true and correct, when in truth and in fact Individual A and Kass knew that Sanders, McKelvey and Mirman exercised control over the issuers. These forms also falsely represented that the representations in these forms were "true and correct," and that the securities deposited with **DELANEY EQUITY GROUP LLC** were made in "compliance with all applicable federal and state securities laws and regulations." In one example, on or about August 31, 2010, for a securities brokerage deposit form for McKelvey's shares of MIB Digital, Inc., Individual A and Kass signed the form as principal and representative, respectively, of **DELANEY EQUITY GROUP LLC**, falsely representing that McKelvey was not and had not been an affiliate of MIB Digital, Inc.

10. Once FINRA authorization was approved for electronic trading and quotation of the shares, **DELANEY EQUITY GROUP LLC** would become the exclusive market-maker for the electronic trading of the issuer's stock for a period of time. Individual A and Ian C. Kass thereafter offered to sell and sold shares of the issuers that were held in the accounts of Steven Sanders, Daniel McKelvey, and Alvin S. Mirman, in the over-the-counter securities markets using interstate wire communications, knowing that the shares had been deposited with **DELANEY EQUITY GROUP LLC** using false statements in required paperwork, and that the shares should have been classified as restricted.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one conspirator committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about December 2, 2011, Individual A and Ian C. Kass executed the sale of 14,000 shares of Rackwise, Inc., formerly known as MIB Digital, Inc., at a price of $1.20 each, for the benefit of Daniel McKelvey, involving shares that were deposited with **DELANEY EQUITY GROUP LLC** using false and fraudulent paperwork.

2. On or about December 2, 2011, Individual A and Ian C. Kass executed the sale of 13,000 shares of Rackwise, Inc., formerly known as MIB Digital, Inc., at a price of $1.20 each, for the benefit of Steven Sanders, involving shares that were deposited with **DELANEY EQUITY GROUP LLC** using false and fraudulent paperwork.

3. On or about December 2, 2011, Individual A and Ian C. Kass executed the sale of 14,000 shares of Rackwise, Inc., formerly known as MIB Digital, Inc., at a price of $1.20 each, for the benefit of Alvin S. Mirman, involving shares that were deposited with **DELANEY EQUITY GROUP LLC** using false and fraudulent paperwork.

4. On or about June 24, 2013, Individual A executed the sale of 10,000 shares of Blue Sun, at a price of $0.07 each, for the benefit of Steven Sanders, involving shares that were deposited with **DELANEY EQUITY GROUP LLC** using false and fraudulent paperwork

All in violation of Title 18, United States Code, Section 371.

## **FORFEITURE**
### (18 U.S.C. § 981(a)(1)(C))

1.   The allegations of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant has an interest.

2.   Upon conviction of the violation alleged in this Information, the defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 28, United States Code, Section 2461.

_____
RANDY A. HUMMEL
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY
CONFERRED BY 28 U.S.C. § 515

_____
JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

DELANEY EQUITY GROUP LLC,

          Defendant.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| _X_ Miami | ___ Key West | | |
| ___ FTL | ___ WPB | ___ FTP | |

New Defendant(s)       Yes ___   No ___
Number of New Defendants   ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   NO
   List language and/or dialect   _____

4. This case will take _0_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                      (Check only one)

   | I   | 0 to 5 days      | _X_ | Petty    | ___ |
   | II  | 6 to 10 days     | ___ | Minor    | ___ |
   | II  | 11 to 20 days    | ___ | Misdem.  | ___ |
   | IV  | 21 to 60 days    | ___ | Felony   | _X_ |
   | V:  | 61 days and over | ___ |          |     |

6. Has this case been previously filed in this District Court?   (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____

   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

                                              _____
                                              JERROB DUFFY
                                              ASSISTANT UNITED STATES ATTORNEY
                                              Florida Bar No. A5501106

\*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **DELANEY EQUITY GROUP LLC.**

**Case No:** _____

Count #: 1

Conspiracy to Unlawfully Sell Unregistered Securities

Title 18, United States Code, Section 371

\* **Max. Penalty**: Five (5) years' probation

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| DELANEY EQUITY GROUP LLC., | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*